IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                    :
                                 :
              Plaintiff,         :
                                 :
     v.                          :    Civil Action No. 07-376-JJF
                                 :
WILMINGTON TRUST CO.,            :
                                 :
              Defendant.         :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Appointment of Counsel (D.I. 12).  For the reasons discussed, Plaintiff's Motion will be denied.

**I.   Background**

By his Complaint, Plaintiff, William Boyd ("Mr. Boyd"), alleges that Defendant, Wilmington Trust Co., allowed Plaintiff's brother, John Boyd, to open an account for which Plaintiff was liable and responsible.  Mr. Boyd alleges that he was not informed of the existence of this account, however, until it was terminated.  Mr. Boyd alleges that his brother sold B&R Co., Mr. Boyd's company, for $4 million and deposited the checks into Mr. Boyd's account with Defendant.  Mr. Boyd alleges that Defendant eventually shut the account down and failed to inform Plaintiff.

Mr. Boyd further alleges that his brother deposited checks made out to B&R Co. into his own account. When Mr. Boyd informed Defendant of these actions, he was told that there was nothing that they could do for Mr. Boyd.

By his motion, Plaintiff contends that the Court should

appoint him counsel based on the following factors: (1) he is unable to afford counsel; (2) Plaintiff contends that his case is in dire jeopardy without outside counsel.

## II. Legal Standard

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have authority to appoint representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making that determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court's first consideration is whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. at .155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may consider the following non-exhaustive factors in deciding whether to appoint counsel:

1.  Plaintiff's ability to present his or her own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation;
4.  Plaintiff's capacity to retain counsel on his or her own behalf;
5.  the extent to which a case is likely to turn on credibility determinations, and;
6.  whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57). In addition, the Court should consider

2

practical constraints before appointing counsel: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation."  <u>Tabron</u>, 6 F.3d at 157.

## III. Discussion

Keeping in mind the practical considerations cited above and exercising its broad discretion, the Court concludes that the appointment of counsel is not warranted at this time.

The Court assumes, solely for the purposes of deciding this Motion, that Mr. Boyd's claims have arguable merit, and will therefore consider the <u>Tabron</u> factors. First, the Court finds that Mr. Boyd has demonstrated an ability to present his case, having set forth the facts and allegations of his action clearly, as demonstrated by his early filings.  At this early stage of the litigation, the Court finds that the legal issues presented by Mr. Boyd's Complaint are not particularly complex, and notes that Mr. Boyd has not alleged or adduced any evidence that would indicate complexity of the legal issues.  Mr. Boyd has not alleged or adduced any evidence that he has been unable to obtain counsel, or any evidence that suggests his attempts to obtain pro bono legal representation have been unsuccessful.  While this case may involve credibility determinations, that factor alone

3

does not determine whether counsel should be appointed.  <u>See</u>
<u>Parham</u>, 126 F.3d at 460 ( "While the case ultimately may have
relied upon credibility, it is difficult to imagine a case that
does not." ) Finally, at this stage of the litigation, the Court
does not foresee the need for expert testimony.

    Accordingly, the Court finds that the <u>Tabron</u> factor do not
weigh in favor of the appointment of counsel at this time, and
the Court will deny Mr. Boyd's Motion For Appointment Of Counsel.

## <u>ORDER</u>

    NOW THEREFORE IT IS HEREBY ORDERED this 29 day of July,
2008, that Plaintiff's Motion For Appointment Of Counsel (D.I.
12) is **DENIED**.

                                    _____
                            UNITED STATES DISTRICT JUDGE