IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 07-376-JJF |
| WILMINGTON TRUST CO., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

**I. BACKGROUND**

Plaintiff William Boyd ("Plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. On June 24, 2009, the Court granted Defendant's Motion For Summary Judgment, denied Plaintiff's Motion To Amend and denied as moot Plaintiff's Motions To Compel. (D.I. 52, 53, 54.) Plaintiff filed a "Response To The Court's Decision On The Defendants [sic] Summary Judgement And Other Decisions" which the Court construes as a Motion For Reconsideration of the June 24, 2009 Order. (D.I. 55.) Plaintiff also filed a Request For Counsel. (D.I. 56.) Defendant opposes the Motion for Reconsideration. (D.I. 57.)

**II. STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration

may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

In reading the Court's decision, Plaintiff concluded that the Court did not look at his evidence, did not take into consideration unanswered subpoenas, or his responses, motions,

2

evidence, requests, and factual points. Plaintiff argues that he sought amendment of his Complaint at the beginning of the case when he responded to Defendant's Motion To Dismiss, and because the Court never ruled upon the Motion, he should be given an opportunity to amend. Plaintiff incorrectly construed Defendant's Answer as a Motion To Dismiss and filed "Responses" to the non-existent Motion. (D.I. 9, 10.) The last paragraph of the Responses asks the Court to deny the Motion To Dismiss or, in the alternative, to allow Plaintiff a reasonable time to amend the Complaint and to retain counsel. (Id.) There was no need for a ruling in the alternative, inasmuch as there was no pending Motion To Dismiss. After Defendant filed its Motion For Summary Judgment, Plaintiff filed a Motion For Reconsideration combined with a Motion To Amend. (D.I. 46.) Given the fact that Plaintiff proceeds pro se, the Court considered the case as if Plaintiff had amended his Complaint, consistent with his deposition testimony. Because the amendments proposed by Plaintiff were claims under federal criminal statutes, they failed to state claims for relief, making amendment futile.

    Plaintiff argues that reconsideration is warranted because the Court would not provide him with counsel, yet used his lack of counsel as a reason to close the case. Plaintiff repeatedly made claims on behalf of corporate entities who were not parties to this action. The Court's decision indicated that Plaintiff, a

non-lawyer, could not represent a corporate entity.

Plaintiff contends that the Court did not consider his evidence. Granted, the June 24, 2009 decision did not discuss each piece of evidence. This, however, does not mean that the Court did not consider Plaintiff's submissions. Plaintiff further argues that the Court did not consider his outstanding discovery requests. To the contrary, as set forth in D.I. 52, footnote 25, the Court reviewed the outstanding discovery and subpoenas. Finally, Plaintiff, who disagrees with Delaware law, makes considerable argument regarding the dissolution of Delaware corporations.

Plaintiff does not meet the standard for reconsideration as he provides no valid reason for the Court to reconsider its June 24, 2009 Opinion and Order. He merely reargues issues previously raised. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration is **DENIED**. (D.I. 55.)

2. Plaintiff's Request For Counsel is **DENIED** as **moot**. (D.I. 56.)

9-30-09
DATE

UNITED STATES DISTRICT JUDGE

4